Paul Loney, OSB #92185
3430 S.E. Belmont, Ste. 101
Portland, Oregon 97214-4247
503-234-2694
Fax 503-234-1330

Attorney for Plaintiff Serdlow

FILED ORIGINAL

2000 APR 28 P 4:33

CLERK, U.S. DISTRICT COURT
DISTRICT OF OREGON
PORTLAND, OREGON
BY_____

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| LANNY SERDLOW, <br> Plaintiff, <br> vs. <br> CITY OF PORTLAND <br> ADRIENNE SPARROW, <br> MASAYO HOWELL, GLENN STORTS, <br> M. W. CALDER, JOHN SHEPARD <br> GREG DUVIE, DONALD MacPHERSON, <br> MARILYN Van HORN, <br> DOUG KOSLOSKE, and ED BRUMFIELD <br> Defendants. | CV '00 - 580 HA <br><br> COMPLAINT <br> CIVIL RIGHTS <br><br> DEMAND FOR JURY TRIAL |

I

INTRODUCTION

1. Pursuant to 42 USC Section 1983, Plaintiff alleges violations of the Fourth and Fourteenth Amendments to the United States Constitution. Plaintiff seeks damages.

////

////

PAGE 1 of 8 - COMPLAINT

Paul Loney
Attorney at Law
3430 S.E. Belmont, Suite 101
Portland, Oregon 97214
(503) 234-2694

## II

## JURISDICTION

2. This Court has jurisdiction over Plaintiff's claims by virtue of 28 USC §§ 1331, 1343.

## III

## PARTIES

3. Plaintiff Lanny Serdlow is a resident of Multnomah County, Oregon

4. Defendant City of Portland is a governmental entity responsible for the acts and failures to act of the employees of Portland Police Bureau, including the individual defendants listed below.

5. At all times material herein, Defendant Adrienne Sparrow was acting within the course and scope of her employment for the United States Federal Bureau of Investigation.

6. At all times material herein, Defendant Mayso Howell was acting within the course and scope of her employment for the United States Federal Bureau of Investigation.

7. At all times material herein, Defendant John Shepard was acting within the course and scope of his employment for the United States Federal Bureau of Investigation.

8. At all times material herein, Defendant Glenn Storts was acing within the course and scope of his employment for the United States Customs Service.

9. At all times material herein, Defendant M. W. Calder was acting within the course and scope of his employment for the City of Portland Police Bureau.

10. At all times material herein, Defendant Greg Duvic was acting within the course and scope of his employment for the City of Portland Police Bureau.

11. At all times material herein, Defendant Donald MacPherson was acting within the course and scope of his employment for the United States Federal Bureau of Investigation.

1  12. At all times material herein, Defendant Marilyn Van Horn was acting within the course and scope of her employment for the City of Portland Police Bureau.

13. At all times material herein, Defendant Doug Kosloske was acting within the course and scope of his employment for the City of Portland Police Bureau.

14. At all times material herein, Defendant Ed Brumfield was acting within the course and scope of his employment for the City of Portland Police Bureau.

15. The individual defendants are sued in both their individual and official capacities.

## IV

## FACTS

16. At all times material herein, defendants acted under color of state law.

17. Plaintiff Lanny Serdlow advocated for over 25 years that the City of Portland Police Bureau change its policies, customs, and practices. Plaintiff Serdlow advocated for changes through serving on police advisory councils, downtown retail council and downtown crime prevention committee. Plaintiff Serdlow also advocated changes on various cable access programs shown in the metropolitan area. In 1980 an uniformed Portland police officer beat up Plaintiff. The Defendant City of Portland settled the ensuing lawsuit out of court. At various times in the 25 years the Portland Police searched Plaintiff's business finding nothing illegal. Various members of defendant City of Portland Police Bureau have harassed and intimidated Plaintiff Serdlow and his customers because of Plaintiff Serdlow's outspoken views on police policies, customs and procedures.

18. On or about April 30, 1998, Defendant Sparrow caused to be issued a search warrant for Plaintiff Lanny Serdlow's residence and place of business. The alleged reason for the search was to seize materials depicting or used to depict "child pornography, child erotica, information

PAGE 3 of 8 - COMPLAINT

Paul Loney
Attorney at Law
3430 S.E. Belmont, Suite 101
Portland, Oregon 97214
(503) 234-2694

pertaining to the sexual interest in child pornography, sexual activity with children or the distribution, possession or receipt of child pornography, child erotica or information pertaining to an interest in child pornography or child erotica." The search warrant also listed other items to be seized, all pertaining to child pornography. Defendants Sparrow, Howell and MacPherson failed to investigate the information given to them concerning plaintiff to ascertain its validity.

19. Defendants Sparrow, Howell, Storts, Shepard, Calder, Duvis, MacPherson, Durbin, Van Horn, Koloske, Brumfield and Altman all took place in the execution of the search warrants and seized numerous items belonging to the Plaintiff.

20. The search warrant lacked probable cause and/or contained information which defendants knew or should have know was false.

21. Defendants knew, or should have known that the information which led to the search warrant was part of the 25 year campaign to harass and intimidate Plaintiff Serdlow.

21. Many of the items seized were film and video equipment, computers and other electronic equipment used in Plaintiff's businesses.

22. Defendants allowed television and print media to accompany the execution of the search warrants.

23. Plaintiff produced and directed numerous cable access television shows with his equipment and was publicly known for having the equipment. Plaintiff had video production equipment at his residence and place of business, The Rage nightclub.

24. Plaintiff used his video production equipment to direct and produce cable access shows for the United States Aethists and the Campaign for the Restoration and Regulation of Hemp, (CRRH), a cannabis law reform group. Both groups are controversial and involved in advocating changes to the existing laws.

PAGE 4 of 8 - COMPLAINT

25. CRRH in April of 1998 was involved in an initiative drive to change cannabis laws in the State of Oregon. Plaintiff supported the goals of CRRH and used his video production equipment to help CRRH communicate with the voters of the State of Oregon.

26. In seizing Plaintiff's equipment, defendants interfered with Plaintiff's constitutional right of association and free speech.

27. In seizing Plaintiff's equipment, defendants actions caused Plaintiff to lose his contract to film and distribute video tapes of Northwest Children's Theater performances.

28. In seizing Plaintiff's equipment, defendants forced Plaintiff to sell his business, The Rage nightclub.

29. In seizing Plaintiff's equipment and allowing media to accompany them, Plaintiff was not rehired for his job at the Census Bureau.

30. Defendants held onto all of Plaintiff's seized property until December 21, 1999, when some of the property was released to Plaintiff. Defendants continue to hold onto property belonging to Plaintiff.

31. Plaintiff suffered medical problems and serve mental stress resulting from the illegal seizure of his property, defendants' false accusations of trafficking in child pornography and allowing the media to broadcast defendants' false allegations concerning the Plaintiff and child pornography.

////

////

////

////

////

Paul Loney
Attorney at Law
3430 S.E. Belmont, Suite 101
Portland, Oregon   97214
(503) 234-2694

V

FIRST CLAIM FOR RELIEF
(42 USC § 1983 / First and Fourteenth Amendments)

32. As described above, defendants violated Plaintiff's First and Fourteenth Amendment rights when they interfered and stopped his ability to communicate his political message in seizing his property.

33. As described above, Defendant City of Portland has ratified and approved of Defendants Calder, Duvic, Van Horn, Kosloske, Brumfield and other individuals in the Portland Police Bureau by establishing policies, customs, and/or practices of relying upon unvalidated information for search warrants and knowingly providing false information to other agencies concerning Plaintiff. As further evidence and ratification of such policies, customs or practices, no officer in the Portland Police Bureau has been disciplined for any wrong doing concerning the Plaintiff nor have any changes been made by Defendant City of Portland in its policies, customs or practices.

34. Plaintiff should be awarded non-economic damages against defendants in an amount to be determined at trial.

35. Plaintiff should be awarded punitive damages in an amount to be determined at trial against defendant due to defendants reckless disregard for the truth

36. Plaintiff should be awarded attorney fees and costs under 28 USC § 1988.

////

////

////

////

PAGE 6 of 8 - COMPLAINT

Paul Loney
Attorney at Law
3430 S.E. Belmont, Suite 101
Portland, Oregon 97214
(503) 234-2694

## VI

## SECOND CLAIM FOR RELIEF
(42 USC § 1983 / Fourth and Fourteenth Amendments)

37. As described above, defendants violated Plaintiff's Fourth and Fourteenth Amendment rights when they caused the search warrants to be issued and in executing the warrants, knowing they had no reason for the search warrant and its execution.

38. As described above, defendants violated Plaintiff's Fourth and Fourteenth Amendment rights when they held onto Plaintiff's property without due process for its return.

39. As described above, Defendant City of Portland has ratified and approved of Defendants Calder, Duvic, Van Horn, Kosloske, Brumfield and other individuals in the Portland Police Bureau by establishing policies, customs, and/or practices of relying upon unvalidated information for search warrants and knowingly providing false information to other agencies concerning Plaintiff. As further evidence and ratification of such policies, customs or practices, no officer in the Portland Police Bureau has been disciplined for any wrong doing concerning the Plaintiff nor have any changes been made by Defendant City of Portland in its policies, customs or practices.

40. Plaintiff should be awarded non-economic damages against defendants in an amount to be determined at trial.

41. Plaintiff should be awarded punitive damages in an amount to be determined at trial against defendant due to defendants reckless disregard for the truth

42. Plaintiff should be awarded attorney fees and costs under 42 USC § 1988.

WHEREFORE, Plaintiff prays for relief from the Court as Follows:

1. Assume jurisdiction in this matter over his claims,

Paul Loney
Attorney at Law
3430 S.E. Belmont, Suite 101
Portland, Oregon  97214
(503) 234-2694

2. Award Plaintiff non-economic damages against defendants in an amount to be determined at trial;

3. Award Plaintiff punitive damages against defendants in an amount to be determined at trial;

4. Award Plaintiff his reasonable attorneys and costs against defendants herein under federal law;

5. Grant other relief as may be just and proper.

DATED this ___ day of April, 2000.

*Paul Loney*
Paul Loney, OSB #92185
Attorney for Plaintiff

PLAINTIFF HEREBY DEMANDS A JURY TRIAL

PAGE 8 of 8 - COMPLAINT

Paul Loney
Attorney at Law
3430 S.E. Belmont, Suite 101
Portland, Oregon  97214
(503) 234-2694